**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000076**
**19-JAN-2021**
**12:36 PM**
**Dkt. 64 ORD**

NO. CAAP-20-0000076

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI

CHRIS SLAVICK, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 1PR191000014 (CR. NO. 1PC041001534))

ORDER GRANTING MOTION FOR RECONSIDERATION
(By: Ginoza, Chief Judge and Leonard, J.[1])

Upon consideration of self-represented Petitioner-Appellant Chris Slavick's (Slavick) "Motion to Reinstate and Voiding of Wrongful Dismissal Motion for a Protection Order," electronically filed January 4, 2021, which the court construes as a motion for reconsideration (January 4, 2021 Motion for Reconsideration), the papers in support, and the record, it appears that:

(1) On October 29, 2020, the court dismissed this appeal for failure to file the opening brief, and dismissed all pending motions, including Slavick's September 23, 2020 "Motion to Issue Order to Return the 3 CD's [sic]; Motion to Order [Halawa Correctional Facility (Halawa)] and [Saguaro Correctional Center (Saguaro)] Staff to Provide Video of Property and Turnover [sic] Property" (September 23, 2020 Motion);

---

[1] Associate Judge Derrick H.M. Chan, who was a member of the panel has retired with his last day on the court being October 30, 2020.

(2) In the January 4, 2021 Motion for Reconsideration, Slavick seeks reconsideration of the October 29, 2020 dismissal order, because, he alleges, prison officials obstructed his legal mail.  Slavick states that officials at Saguaro confiscated his legal and personal property on August 4, 2020, and he transferred to Halawa on August 5, 2020, where he was quarantined without his legal property until August 20, 2020.  Meanwhile, the deadline to file the opening brief in this appeal expired on August 17, 2020.  Slavick states that he received "some" of his legal property on August 28, 2020, and that following an inmate grievance, Halawa staff returned an additional "box of legal documents and legal book" on November 16, 2020, after the court dismissed the appeal;

(3) A motion for reconsideration may be filed within ten days after a dispositional order "unless by special leave additional time is granted during such period by a judge or justice of the appellate court involved."  Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 40(a).  In this case, a motion for reconsideration of the October 29, 2020 dismissal order was due on or before November 9, 2020.  See HRAP Rules Rules 26(a) & 40(a);

(4) Under the mailbox rule, a document filed by a self-represented prisoner is deemed filed on the day it is tendered to prison officials.  Setala v. J.C. Penney Co., 97 Hawaiʻi 484, 40 P.3d 886 (2002).  It is not clear when Slavick delivered the January 4, 2021 Motion for Reconsideration to prison officials. Nonetheless, Slavick states "[Halawa] staff + mailrooms [sic] Terri Yoshinaga held this for 9 days and returned this on December 24, 2020.  Yoshinaga + other identified [Halawa] staff deliberately obstruct.  This is re-deposited USPS mailbox 12/29 @ 7PM."  Slavick further states "this is a second filing as Petitioner is unaware if this Supreme Court ever received the first because [Halawa] staff and mailroom's Terri Yoshinaga are criminally obstructing Petitioner's federal rights to send USPS federal mail to Hawaii Courts, agencies, and attornies [sic]." (Emphasis in original.)  Slavick does not indicate when he purportedly delivered the first motion to prison officials.  Even if Slavick originally submitted the January 4, 2021 Motion for Reconsideration to prison officials nine days before December 24,

2020, which would have been December 15, 2020, the motion is untimely;

(5) In addition, there is no indication that even though Slavick was in quarantine and did not receive his legal property from Saguaro until August 28, 2020, or November 16, 2020, he could not have filed a motion for extension of time for the opening brief before the deadline expired, or a motion for relief from default after the deadline expired and before the court dismissed the appeal. Indeed, Slavick mailed from Halawa two motions filed in this appeal on September 1, 2020, and September 23, 2020, neither of which requested an extension of time or relief from default of the opening brief. Further, Slavick claims he did not receive his legal property that was confiscated from him in Saguaro until August 28, 2020, and November 16, 2020, but those materials would not have included the September 24, 2020 default notice or the October 29, 2020 dismissal order, both of which the appellate clerk mailed to Slavick at Halawa. Slavick does not indicate when he received the September 24, 2020 default notice or the October 29, 2020 dismissal order or allege that prison officials interfered with his receipt of those documents. Last, Slavick does not explain why he waited nearly a month after he purportedly received additional legal property on November 16, 2020, to mail the January 4, 2021 Motion for Reconsideration to the court on December 15, 2020;

(6) Slavick fails to demonstrate that prison officials prohibited him from filing a timely motion for extension of time or relief from default of the opening brief, or a timely motion for reconsideration of the dismissal order. Slavick also fails to demonstrate that the court overlooked or misapprehended any point of law or fact when it entered the October 29, 2020 order. See HRAP Rule 40(b). Nonetheless, in deference to Slavick's self-represented status, see Waltrip v. TS Enters., Inc., 140 Hawaiʻi 226, 239, 398 P.3d 815, 828 (2016) (requiring courts to construe pro se filings in a reasonable manner that enables them to promote access to justice), because Hawaii's appellate courts have "consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where

possible," Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 420, 32 P.3d 52, 64 (2001) (citation and quotation marks omitted), and given the COVID-19 pandemic's unprecedented impact and Slavick's attesting that he was quarantined without his property on being transferred to Halawa, the court will exercise its discretion under HRAP Rule 2 to accept Slavick's late motion for reconsideration, and grant the requested relief under HRAP Rule 40;

(7) Because the court will vacate the October 29, 2020 dismissal order, it must now consider the September 23, 2020 Motion. In that motion, Slavick asserts that on August 28, 2020, Halawa staff "illegally and obstructively" confiscated from him three CDs that contain "appellate case evidence" from CR No. 04-1-1534, which he needs for his pending appeals; Halawa and Saguaro staff "colluded and destroyed THOUSANDS of legal documents" since August 4, 2020; and he received less than half his documents in "smashed/torn open & taped cardboard boxes" at Halawa on August 28, 2020. Slavick claims correctional staff at Saguaro and Halawa video recorded the taking and return of his property, respectively, and he requests the court to order staff at both facilities to produce the videos and his property; and

(8) On September 23, 2020, Slavick filed identical motions in his related appeals in this case, CAAP-17-0000834 and CAAP-20-0000104. In CAAP-20-0000104, the court dismissed the motion because it had previously dismissed the appeal. On October 2, 2020, the court in CAAP-17-0000834 denied the motion without prejudice to Slavick seeking relief in the underlying case, a trial court in a new case, or the Hawaiʻi Supreme Court in a writ action. The court further ordered Halawa staff not to dispose of the CDs confiscated from Slavick for ninety days from the date of the order, and noted it was unclear whether Slavick had requested relief under the Inmate Grievance Program or by contacting the Ombudsman to address his claim regarding the CDs. On November 6, 2020, Slavick filed a petition for writ of mandamus in the Hawaiʻi Supreme Court, SCPW-20-0000699, alleging Halawa "administrative and mailroom staff (including mailroom supervisor 'Terri')" interfered with his mail. On December 4, 2020, the supreme court denied the petition. From the January 4,

2021 Motion for Reconsideration, it appears that after the court issued the October 2, 2020 order in CAAP-17-0000834, Slavick pursued an inmate grievance, which resulted in the return of an additional "box of legal documents and legal book" on November 16, 2020.  Based on the foregoing, it is unclear whether the relief requested in the September 23, 2020 Motion is moot.  In any event, similar to the October 2, 2020 order in CAAP-17-0000834, the court will deny the September 23, 2020 Motion without prejudice.

Therefore, IT IS HEREBY ORDERED that the January 4, 2021 Motion for Reconsideration is granted.  The October 29, 2020 Order Dismissing Appeal is vacated and the appeal is reinstated.  The deadline to file the opening brief is extended to February 18, 2021.  Any further default of the opening brief may result in sanctions authorized by HRAP Rule 30, including, without limitation, the appeal being dismissed.

IT IS FURTHER ORDERED that the September 23, 2020 Motion is denied without prejudice to Slavick seeking relief in the underlying case, a new case in the trial court, or by seeking a writ in the Hawaiʻi Supreme Court.

DATED:  Honolulu, Hawaiʻi, January 19, 2021.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge